**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

GREGORY LEWIS JOHNSON #251263, )
                                       )
        **Plaintiff,**           )
                                         )
**vs.**                                  ) NO. 2:08-cv-191-MEF
                                         )
**OFFICER BROWN, et al.,**     )
                                         )
        **Defendants.**       )

## SPECIAL REPORT AND ANSWER

COME NOW Defendants Officers Roosevelt Brown, Michael Holland, Michael Padgett, and Felicia Williams, by and through undersigned counsel in the above-styled action, and file their Special Report and Answer, pursuant to the March 31, 2008, of this Honorable Court. (Doc. 4) Defendants state as follow:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he was subjected to cruel and unusual punishment through use of force by the named Defendants.

## DEFENDANTS

1.     Officer Roosevelt Brown
       Ventress Correctional Facility
       P.O. Box 767
       Clayton, AL 36016

2.     Officer Michael Holland
       Ventress Correctional Facility
       P.O. Box 767
       Clayton, AL 36016

3.     Officer Michael Padgett
       Ventress Correctional Facility
       P.O. Box 767
       Clayton, AL 36016

4.    Officer Felicia Williams
      Ventress Correctional Facility
      P.O. Box 767
      Clayton, AL 36016

## DEFENSES

Defendants assert the following defenses to Plaintiff's claims:

1.  Defendants deny each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2.  Defendants plead not guilty to the charges in Plaintiff's Complaint.

3.  Plaintiff's complaint fails to state a claim upon which relief can be granted.

4.  Plaintiff is not entitled to any of the relief requested.

5.  Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6.  Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7.  Plaintiff is not entitled to any relief under 42 U.S.C. §1983.

8.  The allegations contained in Plaintiff's Complaint against Defendants, fails to comply with the heightened specificity requirement of Rule 8 in §1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, Ala., 880 F. 2d 305, 309 (11th Cir. 1989).

9.  Defendants plead all applicable immunities, including but not limited to qualified, absolute, sovereign, discretionary function immunity, and state agent immunity.

2

10. Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

11. Defendants plead the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

13. All claims of Plaintiff against these Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

14. Defendants plead the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e(a) and as such these claims should be dismissed.

17. Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. §1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. §1997 (e) (c).

19. Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the March 31, 2008, Special Report Order (Doc. 4), Defendants submit the following initial disclosures:

A.  Attached affidavits of:

1.    Officer Roosevelt Brown

2.    Officer Michael Holland

3.    Officer Michael Padgett

4.    Officer Felicia Williams

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

Officer Roosevelt Brown

Officer Michael Holland

Officer Michael Padgett

Officer Felicia Williams

Gregory Lewis Johnson, Plaintiff

Sergeant Carolyn Longmire

Captain Larry Monk

Inmate Earnest Nix #162409

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

5.      Inmate Summary Data

6.      Incident Report dated July 7, 2007

7.      Body Chart dated July 7, 2007

8.      Disciplinary Report

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the ADOC and is currently confined at Easterling Correctional Facility in Clio, Alabama. Plaintiff is serving a 12-year term for Assault II, a 15-year term for Burglary II, a 15-year term for Receiving Stolen Property I, and a 1-year-10-month term for Fraudulent Use of and/or Representation of a Credit Card. (Ex. 5) There sentences are running concurrent. (Ex. 5)

On July 7, 2007, Inmate Earnest Nix approached Defendant Brown stating that Plaintiff had broken into his locker box and had stolen five (5) Buglers and one (1) Pro 35 Headphone set. (Exs. 1, 6) A shakedown was conducted of Plaintiff and his locker box and none of the items were found. (Exs. 1, 6) Sgt. Longmire was notified of this incident. (Exs. 1, 6) She began to question Plaintiff and Inmate Nix. (Exs. 1, 6) Several reliable sources witnessed Plaintiff steal items from Inmate Nix and place them in another inmate's locker box. (Ex. 6) A shakedown of that inmate and his locker box yielded the stolen items. (Exs. 1, 6) Captain Monk was also notified of this matter. (Exs. 1, 6) Defendant Holland escorted Plaintiff to the Healthcare Unit. (Exs. 2, 6)

The body chart for Plaintiff did not show any signs that force was used upon Plaintiff or that he was subjected to any cruel and unusual punishment. (Ex. 7)

Specifically, the body chart shows "denies physical contact or altercation (with) anyone." (Ex. 7)

Defendants Padgett and Williams have no knowledge of the incident. (Exs. 3, 4)

Plaintiff received a disciplinary for his actions and two (2) months of good time was revoked from his sentence.

## ARGUMENT

### Immunities

Defendants are officials or agents of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This affords Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

Defendants are entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity

is not just a bar to damages; it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Citing Harlow, 457 U.S. 800).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections of immunity, state officials could be subject to suit for every move they make, which would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon Plaintiff to show that Defendants violated "clearly established constitutional law" in their dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been and cannot be demonstrated by Plaintiff. He has alleged no constitutional injury

perpetrated by any Defendant. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on Defendants. Therefore, Plaintiff's federal claims against Defendants in their individual capacities should be dismissed.

**Use of Force**

Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." Sasser v. Alabama Department of Corrections, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law." Id.; see Graham v. Connor, 490 U.S. 386, 393-94 (1989); Cummings v. DeKalb County, 24 F.3d 1349, 1355 (11th Cir. 1994).

Plaintiff claims force was used against him on or about July 7, 2007. This claim is without merit. There was no forced used at any time while Defendants were with Plaintiff. In fact, Plaintiff stated to medical staff that he had not been in physical contact or altercation with anyone. (Ex. 7) Plaintiff claims that the actions of Defendants

violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment's prohibition of cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The United States Supreme Court held in Hudson v. McMillian, 503 U.S. 1, 7 (1992), that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." In extending Whitley to all cases involving allegations of force, the Court reasoned:

> Many of the concerns underlying our holding in *Whitley* arise whenever guards use force to keep order. Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Both situations may require prison officials to act quickly and decisively. Likewise, both implicate the principle that "'[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"

Id. at 6. (Citations omitted). With these concerns in mind, the court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. These factors include: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. The Hudson Court made it clear that the extent of injury suffered by the inmate is only one of the many factors

which should be considered, not a decisive one when it said, "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." Id. at 7. In this circuit, in order to avoid summary judgment on an excessive force claim, the plaintiff is required to produce some evidence of injury beyond a minimal one. Bennett v. Parker, 898 F.2d 1530 (11ᵗʰ Cir. 1990). There is no need to address these factors as force was not used. In this case, Plaintiff has stated and there is evidence that there were no injuries at all. (Ex. 7) Thus, Plaintiff was not subjected to force or to cruel and unusual punishment.

In Embry v. Smith, (No. 88-7420, November 3, 1989) (11ᵗʰ Cir. 1989), the Eleventh Circuit stated "[t]his court has long recognized that the eighth amendment provides a prisoner with a right to be protected from the constant threat of violence and that the failure of prison officials to protect prisoners from violence can, in certain cases, constitute cruel and unusual punishment." See Gullatte v. Potts, 654 F.2d 1007, 1012 (5ᵗʰ Cir. Unit B 1981). However, as the Gullatte Court noted, [t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured." Id.; See also Daniels v. Williams, 474 U.S. 327, 332 (1986). To state a claim under §1983 for violation of the Eighth Amendment, a prisoner must show that the prison officials acted with at least deliberate indifference to the safety of the prisoner. See Zatler v. Wainwright, 802 F.2d 397, 400 (11ᵗʰ Cir. 1986). Thus, a prisoner must show that the officials had some awareness of danger to a particular inmate's safety and failed to afford the prisoner protection. Gullatte, 654 F.2d at 1012. As stated, no force was used and there were no injuries to Plaintiff. (Exs. 1, 2, 6, 7, 8) There was no need for a person to protect Plaintiff from force or cruel and unusual punishment as none was present.

Wherefore these premises considered, Defendants pray that this Honorable Court will find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/TARA S. KNEE
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3881

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Gregory Lewis Johnson
AIS #215263
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017

/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Gregory Lewis Johnson )
     #215265 )
      )
     Plaintiff, )
      ) CIVIL ACTION NO. 02-CV-191-MEF
vs. )
      )
Officer Brown, et. al. )
      )
     Defendants. )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Roosevelt Brown, who

being known to me and by me first duly sworn, deposes and says on oath as

follows:

My name is Roosevelt Brown, and I am presently employed as a Correctional

Officer, with the Alabama Department of Corrections at the Ventress Correctional

Facility in Clayton, Alabama.  I am over the age of twenty-one (21).

In his complaint served on me, Inmate Gregory Lewis Johnson #215265

alleges that Officer Padgett and myself questioned him about a box break in on

July 7, 2007 and that we slapped, punched and kneed him while questioning him.



DEFENDANT'S
EXHIBIT
1

Page 2
Affidavit – Roosevelt Brown

On July 7, 2007 at approximately 12:45 p.m., I, Officer Roosevelt Brown was approached by Inmate Earnest Nix, B/162409 stating that Bed #20B had broken into his locker box and stolen five (5) packs of Bugler and one (1) Pro 35 Headphone. I then identified Bed #20B as belonging to Inmate Gregory Johnson, B/215263. I began to conduct a shakedown and no items were found. I escorted Inmate Johnson to the lobby. At approximately 1:10 p.m., Sgt. Carolyn Longmire was notified of the incident. Sgt. Longmire questioned inmates' Nix and Johnson concerning the incident. Upon further investigation, it was revealed from several reliable inmates that witnessed Inmate Johnson break into Inmate Nix's box and put the items in another inmate's box. I, Officer Brown conducted a shakedown of said inmate box, and found the buglers, but the headphones were not found. At approximately 1:25 p.m., Sgt. Carolyn Longmire notified the On-Call Supervisor, Captain Marshall L. Monk of the incident.

I, Officer Roosevelt Brown did initiate disciplinary action against Inmate Johnson for Rule Violation #68, "Theft, Damage or Destruction of Another's Personal Property", from Administrative Regulation 403. At approximately 1:35 p.m., Officer Michael Holland escorted Inmate Johnson to the Health Care Unit for a body chart. (See attached body chart)

The above-related facts are the entirety of my involvement with inmate Brown regarding these allegations. I deny that I have violated any of his constitutional

Page 3
Affidavit – Roosevelt Brown

rights and I have not put my hands on Inmate Gregory Johnson, #215265

concerning this incident.

*Roosevelt Brown co* 4-15-08
Roosevelt Brown, C O     Date

STATE OF ALABAMA     )

BARBOUR COUNTY     )

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___15th___ DAY OF APRIL,

2008.

*Reba I Currie*
Notary Public

My Commission Expires: _9-8-08_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Gregory Lewis Johnson           )
       #215265             )
                           )
       Plaintiff,          )
                           )   CIVIL ACTION NO. 02-CV-191-MEF
vs.                           )
                           )
Officer Brown, et. al.          )
                           )
       Defendants.       )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Michael Holland, who

being known to me and by me first duly sworn, deposes and says on oath as

follows:

My name is Michael Holland, and I am presently employed as a Correctional

Officer, with the Alabama Department of Corrections at the Ventress Correctional

Facility in Clayton, Alabama.  I am over the age of twenty-one (21).

In his complaint served on me, Inmate Gregory Lewis Johnson #215265

alleges that Officer Roosevelt Brown and myself slapped, punched and kneed

him several times while he was handcuffed.

On July 7, 2007 at approximately 12:45 p.m., I, Officer Michael Holland was

called to F1 Dormitory to investigate a box break –in, by Inmate Gregory

DEFENDANT'S
EXHIBIT
2

Blumberg No. 5114

Page 2
Affidavit – Michael Holland

Johnson, B/M 215263. After investigating the incident it was found that Inmate

Gregory Johnson, B/215263 did have stolen property in his box from Inmate

Earnest Nix, B/M #162409. At approximately 1:35 p.m., I, Officer Michael

Holland escorted Inmate Johnson to the Health Care Unit for a body chart and

processed in segregation for Rule Violation #68. At no time was force used on

Inmate Gregory Johnson, B/M #215263 by any Officer.

The above-related facts are the entirety of my involvement with inmate Brown

regarding these allegations. I deny that I have violated any of his constitutional

rights.

_____   CO   4/30/08
Michael Holland        Date


STATE OF ALABAMA   )

BARBOUR COUNTY    )

SWORN TO AND SUBSCRIBED BEFORE ME THIS _30th___ DAY OF APRIL,

2008.

_____
Notary Public

My Commission Expires: _9-8-08_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Gregory Lewis Johnson )
      #215265 )
  )
      Plaintiff, )
  ) CIVIL ACTION NO. 02-CV-191-MEF
vs. )
  )
Officer Brown, et. al. )
  )
      Defendants. )

**A F F I D A V I T**

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Michael Padgett, who

being known to me and by me first duly sworn, deposes and says on oath as

follows:

My name is Michael Padgett, and I am presently employed as a Correctional

Officer, with the Alabama Department of Corrections at the Ventress Correctional

Facility in Clayton, Alabama.  I am over the age of twenty-one (21).

In his complaint served on me, Inmate Gregory Lewis Johnson #215265

alleges that Officer Roosevelt Brown and myself handcuffed and questioned him

about a box break in on July 7, 2007.  He stated during the questioning, he and

Officer Brown slapped, punched and kneed him several times.


DEFENDANT'S
EXHIBIT
3

Page 2
Affidavit -- Michael Padgett

   I, Officer Michael Padgett do not have any knowledge of any violation of

Inmate Gregory Johnson, #215265 at any time.

   The above-related facts are the entirety of my involvement with inmate Brown

regarding these allegations.  I deny that I have violated any of his constitutional

rights.

_____  4-11-08
Michael Padgett        Date




STATE OF ALABAMA   )

BARBOUR COUNTY    )

SWORN TO AND SUBSCRIBED BEFORE ME THIS _11th_ DAY OF APRIL,

2008.

_____
Notary Public

My Commission Expires: _9-8-08_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Gregory Lewis Johnson                )
      #215265                        )
                                      )
      Plaintiff,                     )
                                        ) CIVIL ACTION NO. 02-CV-191-MEF
vs.                                  )
                                        )
Officer Brown, et. al.               )
                                        )
      Defendants.                    )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County

and State of Alabama at Large, personally appeared one Felicia P. Williams, who

being known to me and by me first duly sworn, deposes and says on oath as

follows:

My name is Felicia Williams, and I am presently employed as a Correctional

Officer, with the Alabama Department of Corrections at the Ventress Correctional

Facility in Clayton, Alabama.  I am over the age of twenty-one (21).

In his complaint served on me, Inmate Gregory Lewis Johnson #215265

alleges that I, Felicia Williams was the cubicle officer at the time of this incident

and that I stood and watched out for the supervisors for Officer Brown and Officer

Padgett while they ruthlessly interrogated him.



DEFENDANT'S
EXHIBIT
4

Page 2
Affidavit – Felicia Williams

I, Officer Felicia Williams have no knowledge of this incident.

The above-related facts are the entirety of my involvement with inmate Brown

regarding these allegations. I deny that I have violated any of his constitutional

rights.

_Felicia Williams 4-18-08_
Felicia Williams    Date

STATE OF ALABAMA  )

BARBOUR COUNTY   )

SWORN TO AND SUBSCRIBED BEFORE ME THIS _18th_ DAY OF APRIL,

2008.

_Reba J Currie_
Notary Public

My Commission Expires: _9-8-08_

```
                          DISPLAY INMATE SUMMARY DATA
06/MAY/2008     15:13:47    CDSUM    499    L-TARA      CDSUM01    604
------------------------------------------------------------------------
AIS: 00215263B  INMATE: JOHNSON, GREGORY LEWIS          RACE: B  SEX:  M

INST: 041-EASTERLING CORRECTIONAL CENTER JAIL CR: 0221D DOB: 07/29/1983
SSN: _____  PAR CONS DT: 08/2009  CURR CUST: MED2  CURR CUST DT:08/17/2007
ALIAS: JOHNSON, GREG                 ALIAS:
ADM TP: NEW COMIT FROM CRT W/O REV OF  STATUS: REMOVED FROM SEGREGATION
INIT SENT DT:05/11/2005 ADM DT: 05/11/2005 DEAD TIME: 00Y 00M 00D
                                                              TY
                               N                              PE
COUNTY       SENT DT    CASE   L CRIME                  TERM   PE
CALHOUN      05/11/2005 000880 Y ASSAULT II          12Y00M00D CS
CALHOUN      05/11/2005 000060 Y BURGLARY II         15Y00M00D CC
CALHOUN      05/11/2005 000061 Y RECV STOLEN PROPERTY I 15Y00M00D CC
ETOWAH       11/05/2007 001024 Y FRAUD USE/REPRES CREDIT CARD 01Y10M00D CC

               NO MORE RCDS THIS TYPE AVAIL
INMATE HAS 014DISCIPLINARIES RESULTING IN LOSS OF 000Y02M00D OF GOOD TIME.
INMATE HAS 007TRANSFER RECORDS ON FILE.
INMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
 TOTAL  TERM  REV GOOD TIME  MIN REL DT  TOT GOOD TIME  SHORT DATE  LONG DATE
015Y 00M 00D  000Y 02M 00D   09/08/2009  006Y 10M 18D   09/08/2009  09/29/2019
```

DEFENDANT'S
EXHIBIT
5

Blumberg No. 5114




**State of Alabama**
**Alabama Department of Corrections**
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama 36016

**Bob Riley**
GOVERNOR

**Richard F. Allen**
COMMISSIONER

### A F F I D A V I T

)
)
)
)

### STATE OF ALABAMA

I, Reba T. Currie, hereby certify and affirm that I am an ASAIII, at Ventress Correctional Facility; that I am one of the custodian of records at this institution; that the attached documents are true, exact, and correct photocopies of certain documents maintained here in the institutional files; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents on Gregory Johnson, #162409 are maintained in the usual and ordinary course of business at the Ventress Correctional Facility; and that said documents were made at, or reasonably near the time that the transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on this the 6th day of May, 2008.

*Reba T. Currie*
Signature

SWORN TO AND SUBSCRIBED BEFORE ME THIS 6th DAY OF May, 2008.

*Carolyn W. Darnell*
Notary Public
My Commission Expires: 04/06/2010

Telephone (334) 353-3883          Fax (334) 353-3967

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **VENTRESS CORRECTIONAL FACILITY** | 2. Date **July 7, 2007** | 3. Time: **12:45 PM** | 4. Incident Number:      Class Code: |
|---|---|---|---|
| 5. Location Where Incident Occurred: **Dormitory F1 Bed 58B** | | 6. Type of Incident: **#68; Theft, Damage or Destruction of Another's Personal Property** | |
| 7. Time Incident Reported: **1:00 PM** | | 8. Who Received Report: **Sergeant Carolyn Longmire** | |

| 9. Victims: | Name | | AIS | |
|---|---|---|---|---|
| a. | **Earnest Nix** | No. | **B/162409** | |
| b. | **N/A** | No. | **N/A** | |
| c. | | No. | | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | **Gregory Johnson** | No. | **B/215263** | | a. | **N/A** | No. | |
| b. | | No. | | | b. | | No. | |
| c. | | No. | | | c. | | No. | |
| d. | | No. | | | d. | | No. | |
| e. | | No. | | | e. | | No. | |
| | | | | | f. | | No. | |
| | | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence:

**N/A**

13. Description of Evidence:

**N/A**

14. Chain of Evidence:

a. **N/A**

b.

c.

d.

15. Narrative Summary: On July 7, 2007 at approximately 12:45 PM, Officer Roosevelt Brown was approached by Inmate Earnest Nix, B/162409, stating that bed # 20B had broken into his locker box and stolen (5) five packs of bugler and (1) one Pro 35 Headphone. Officer Brown then identified bed #20B which belongs to Inmate Gregory Johnson, B/215263. Officer Brown began to conduct a shakedown and no items were found. Officer Brown escorted Inmate Johnson to the lobby. At approximately 1:00 p.m., Sergeant Carolyn Longmire was notified of the incident. Sgt. Longmire questioned Inmates Nix and Johnson concerning the incident. Upon further investigation it was revealed from several reliable inmates that witnessed Inmate Johnson break into Inmate Nix's box and put the items in another inmate's box. Officer Brown conducted a shakedown of said inmate box, and found the buglers, but the headphones were not found. At approximately 1:10 p.m., Sgt. Longmire reprimanded Inmate Johnson concerning his negative behavior. At approximately 1:25 p.m. Sgt. Longmire notified the On-Call Supervisor, Captain Larry M. Monk of the incident. Officer Brown initiated disciplinary action against Inmate Johnson for Rule Violation #68, Theft, Damage, or Destruction of Another's Personal Property from Administrative Regulation #403. At approximately 1:35 p.m., Officer Michael Holland escorted Inmate Johnson to the Health Care Unit. Inmate Johnson was examined by Nurse Vickie Young and released (See attached body chart). At approximately 1:45 p.m., Officer Holland processed Inmate Young into Administrative Segregation Holding Cell #E1-1A. No further action taken at this time.

Roosevelt Brown, CO

DEFENDANT'S EXHIBIT 6    Blumberg No. 5114



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY  YCF | ☐ SICK CALL  ☐ EMERGENCY |
|---|---|---|---|
| 7 / 7 / 07 | 120 ☐AM ☒PM | ☐ SIR  ☐ PDL  ☐ ESCAPEE ☐ | ☒ OUTPATIENT |

| ALLERGIES Lanixet | CONDITION ON ADMISSION ☒GOOD  ☐ FAIR  ☐ POOR  ☐ SHOCK  ☐ HEMORRHAGE  ☐ COMA |
|---|---|

VITAL SIGNS: TEMP 988   ☒ORAL ☐RECTAL   RESP. 18   PULSE 92   B/P 110/86   RECHECK IF SYSTOLIC <100> 50 /
WT. 168

NATURE OF INJURY OR ILLNESS

S. "I'm going to Seg."

| ABRASION /// none | CONTUSION # none | BURN XX none | FRACTURE Z none Z | LACERATION / none SUTURES |
|---|---|---|---|---|

PHYSICAL EXAMINATION

O. 23 yr. old B/m presents to HCU
c̄ DOC officer for DOC body
chart for seg. Denies pain or
discomfort. Denies physical contact
or altercation c̄ anyone. No bruises
broken skin or raised areas noted

A. DOC Body Chart

P. Release to DOC

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

DEFENDANT'S EXHIBIT
Blumberg No. 5114
7

DIAGNOSIS

INSTRUCTIONS TO PATIENT  Sign up for sick call if any problems arise

| DISCHARGE DATE | TIME | RELEASE/TRANSFERRED TO ☒DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☒SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |
|---|---|---|---|
| 7/7/07 | 135 ☐AM ☒PM | | |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| V. Jones Lpn | 7-7-07 | | 7/9/07 | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Johnson, Greggory | 215263 | 9-28-83 | B/m | YCF |

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

DOC Form 225B (Revised 7/92)

**DISC. 07-176**

1. INMATE : **Gregory Johnson**    CUSTODY: **MED**    AIS NO.: **B/215263**
2. FACILITY: **VENTRESS CORRECTIONAL FACILITY**
3. The above named inmate is being charged by **Officer Roosevelt Brown** with a violation of rule **#58** specifically: **Theft, Damage or Destruction of Another's Personal Property** from regulation # **403,** which occurred on or about **July 7, 2007,** at (time) **12:45 PM** (am/pm), Location: **Dormitory F1 Bed 58B.** A hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: **You, Inmate Gregory Johnson, B/215263 did break into inmate Earnest Nix, B/162409 locker box and steal (5) pack's of buglers and (1) Pro 35 headphone.**

5. **July 7, 2007**                    **Roosevelt Brown, CO** Roosevelt Brown CO
   Date                                Arresting Officer / Signature / Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 10th day of July, 2007, at (time) 12:50 (am/pm)

7. Robert Bryster    X Greg Johnson 215263
   Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

8. Witnesses desired?    NO ___    YES X Greg Johnson 215263
                         Inmate's Signature              Inmate's Signature
9. If yes, list: Cornelious Williams, Ervin House

10. Hearing Date 7-16-07    Time 12:45PM    Place Admin
11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.
12. A finding is made that inmate (is / is not) capable of representing himself.

                    Mary R Dyk Ch
                    Signature / Hearing Officer

13. Plea: X Greg Johnson ___ Not Guilty    _____ Guilty
14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

                    Mary R Dyk Ch
                    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): No statement (inmate Johnson was found not guilty due to a Due Process violation on line # 3)

Annex C to AR 403 ( Page 1 of 3 pages )



DEFENDANT'S EXHIBIT 8

16. Inmate's Testimony:    Not guilty.

    Witness:    N/A                              Substance of Testimony:

    Witness:    N/A                              Substance of Testimony:

    Witness:    N/A                              Substance of Testimony:

17. The Inmate was allowed to submit written question to all witnesses.
    None submitted
                                        Signature / Hearing Officer

18. The Following witnesses were not called    -    reason not called
    1.  Cornelius Williams  B/237396        Inmate found not guilty did not need.
    2.  Irvin House  B/227638               Inmate found not guilty did not need.
    3.  N/A

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that :   On July 07, 2007 at approximately   12:45 PM, inmate Gregory Johnson
    B/215263 was charged with rule violation # 58, which was the wrong rule violation # for theft, Damage or Destruction
    of another's personal property.

20. Basis for Finding of Fact:    Based on the Disciplinary form having the wrong rule violation number on it,
    I find inmate Johnson not guilty as charged.  I find that his due process was violated.

21. Hearing Officer's Decision:              Guilty              X    Major
                                       X     Not Guilty                Minor
22. Recommendation of Hearing Officer:   Not guilty.

                                        Signature / Hearing Officer
                                        **Mary R. Taylor, CO LT**
                                        Typed Name and Title

23. Warden's Action – Date   7-17-07
    Approved
    Disapproved
    Other (specify)

    Reason if more then 30 calendar days delay in
    action.

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    Named inmate on this the   19   day of   July   2007, at (time)   7:30   (am / pm).

    Signature / Serving Officer / Title            Inmate's Signature and AIS Number

                                        Annex C of AR 403 (page 2 of 3 pages)